## KING v STATE OF FLORIDA

### Case No. 89-0073AC A02 (County Court Case No. 89-13026TI-A02)

Fifteenth Judicial Circuit, Palm Beach County

August 15, 1990

### APPEARANCES OF COUNSEL

**John D. Boykin, Esquire,** Boose, Casey, Ciklin, Lubitz, Martens, McBane and O'Connell, for appellant.

**Carl V. M. Coffin,** City Attorney, for appellee.

Before WENNET, CARLISLE, COLBATH, JJ.

### OPINION OF THE COURT

WENNET, J.

Brian T. King (King), was found guilty of the traffic infraction of

speeding, Florida Statute § 316.189, and appeals arguing that the radar device used had not been tested within the six month time limit prescribed by Florida Statute § 316.1905-06 and Florida Administrative Code Chapter 15B-2.009. We affirm in part and reverse in part and remand for findings of fact.

On the morning of 3 August, 1989, King was travelling on Village Boulevard in West Palm Beach, Florida. The posted speed limit on Village Boulevard was 40 miles per hour. West Palm Beach Police Officer Olsen (Olsen) using a hand held stationary radar device determined that King was driving his vehicle at 57 miles per hour.

At the beginning of his shift and immediately following the citation, Olsen had tested the radar device in accordance with Florida Statutes § 316.1905-06 and Florida Administrative Code Chapter 15B-2.009. These tests included tuning fork tests, internal test, and lighting test to insure that the lighting display was operational.

Florida Administrative Code Chapter 15B-2.009 requires that the radar device be tested and certified "at intervals not to exceed six months" by an FCC licensed technician. There was no testimony as to whether the radar device was tested and certified by an FCC licensed technician within the six months prior to the citation. The applicable testimony was as follows:

Mr. Boykin: Now, let me direct your attention if I could to the test which was done on the 8th of July, 1988, when was the next test after that sir?

Officer Olsen: The next test after that would have been January 27, 1989.

Mr. Boykin: Now, by my calculations, sir, that is more than 6 months, is that accurate?

Officer Olsen: That is correct. The reason being is that I was on a 3 week vacation. It was out of service. When I came back in I took the gun and it was tested.

Mr. Boykin: But, again, it was after the 6 months period.

Officer Olsen: That's correct. The gun was not in use.

Mr. Boykin: Can you describe the audio-doppler to the Court sir?

The question that was not asked was whether the radar device had been tested within the six month period prior to the citation of 3 August 989. This factual issue must be resolved in order to determine

**95**

if there was compliance with Florida Administrative Code Chapter 15B-2.009.

Accordingly, this cause is remanded to the trial court with directions to take additional testimony to determine whether the radar device had been tested within 6 months prior to the citation and to enter appropriate findings of fact. As to the other issues presented in this appeal, we find that they lack merit and otherwise affirm.

CARLISLE and COLBATH, JJ., concur.